In the Matter of the LIVERPOOL CENTRAL SCHOOL DISTRICT, Appellant, v EWALD B. NYQUIST, as Commissioner of Education, et al., Respondents.

Third Department, December 23, 1976

*O'Hara, O'Hara & Vars (Edward A. O'Hara, III,* of counsel), for appellant.

*Robert D. Stone (Judith M. Hecker* of counsel), for Ewald B. Nyquist, respondent.

*Louis J. Lefkowitz, Attorney-General (James E. Morgan* and *Ruth Kessler Toch* of counsel), for State of New York, respondent.

KANE, J. Appellant, a school district, desired to have an office building erected on its property for school purposes which it would then lease from the builder with an option to purchase at a later date. Subject to several conditions, authority to enter into this type of agreement is conferred by section 1726 of the Education Law. However, the district did not wish to subdivide the work and place it out for separately categorized bids in accordance with section 101 of the General Municipal Law and commenced this action to have that section declared inapplicable to its proposal. Special Term refused to do so and we affirm its judgment.

Subdivision 3 of section 1726 of the Education Law contains the qualification pertinent to this case. It provides that: "3. Such agreements shall be subject to the bidding requirements of the general municipal law, except that the provisions of section one hundred one of the general municipal law shall not apply to lease or lease-purchase of pre-manufactured items delivered to the site, but shall apply to installation and other work to be performed on the site."

Special Term found no ambiguity in the language of this subdivision and neither do we. No prefabricated items are alleged to be involved in the contemplated project so as to call

into play the limited exception set forth therein. Thus, on its face, the subdivision not only calls for adherence to the bidding requirements of the General Municipal Law in broad language, it specifically mandates compliance with section 101 thereof in particular. Appellant's contentions overlook the fact that only by virtue of section 1726 of the Education Law is it allowed to lease a builder's product in the first place. The authorization by which it is permitted to act is plainly coupled with the quoted restriction. The legislative intent apparent in the wording of the subdivision would be rendered nugatory if we accepted appellant's dubious contrary interpretation which is based on what other public entities are supposedly permitted to accomplish under section 101 of the General Municipal Law without competitive bidding.

The judgment should be affirmed, without costs.

KOREMAN, P. J., GREENBLOTT, LARKIN and HERLIHY, JJ., concur.

Judgment affirmed, without costs.